In Equity.

Elizabeth B. Bliss

*vs.*

Samuel W. Junkins, Edwin A. Hobson, and Lewis W. Pendexter, County Commissioners of York County, et als.

York.    Opinion November 19, 1909.

*Ways. Petitions for Ways. Indefinite Termini. County Commissioners. Jurisdiction of Same. Effect of Acting Without Jurisdiction. Interested County Commissioner. Validity of Proceedings Subject to Collateral Attack. Revised Statutes, chapter 23, section 1.*

1.  County commissioners have no jurisdiction to lay out a highway under the provisions of Revised Statutes, chapter 23, section 1, unless the petition therefor describes with reasonable definiteness the places where the proposed way is to commence and terminate.

2.  Where the highway prayed for is described in the petition to the county commissioners as commencing on some point on a way which is one and one-half miles long and as terminating on another way which is five miles long, the proposed way is not described with such reasonable definiteness

as to comply with the requirements of the statute and the county commissioners are without jurisdiction to commence proceedings thereon and their doings are ineffectual and void.

3. Where a highway as laid out by the county commissioners, passes over the land in which one of the commissioners has an interest, either as sole or part owner, and is directly interested in the location of such way, such interest disqualifies such commissioner, and the board of county commissioners is without jurisdiction and their proceedings in laying out such way are void.

4. The validity of the proceedings of county commissioners, in laying out a highway may be attacked collaterally when it appears that they were without jurisdiction to commence the proceedings.

*White* v. *County Commissioners,* 70 Maine, 317, examined.

In equity. On exceptions by defendants. Overruled.

Bill in equity against Samuel W. Junkins, Edwin A. Hobson, and Lewis W. Pendexter, County Commissioners of York County, and eight others, to wit, the selectmen of the town of York, a bridge committee of four chosen by the town to act in conjunction with the selectmen, and a contractor alleged to have a contract with the town for the construction of the way hereafter mentioned, praying that the defendants be perpetually enjoined from entering upon, or attempting to take, under proceedings of the county commissioners laying out a way, any part of a lot of land owned by the plaintiff, or from erecting or maintaining in York River adjacent to said land, or on the town road lying along the river or on the plaintiff's land adjacent to the town road certain structures needful or convenient in construction of the way and the bridge to be used in connection therewith.

The defendants demurred generally for want of equity, the demurrers were overruled and the defendants excepted.

The case is stated in the opinion.

*Chauncey Hackett, and Arthur E. Sewall,* for plaintiff.

*William S. Matthews, Fred A. Hobbs, John C. Stewart, James O. Bradbury, Geo. F. & Leroy Haley,* for defendants.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, BIRD, JJ.

BIRD, J. The complainant brings this bill in equity asking that defendants be perpetually enjoined from entering upon, or attempt-

ing to take, under proceedings of the county commissioners laying out a way, any part of a lot of land owned by complainant, or from erecting or maintaining in York River adjacent to said land, or on the town road lying along the river or on complainant's land adjacent to the town road certain structures needful or convenient in construction of the way and the bridge to be used in connection therewith. The bill of complaint, among other grounds for the relief prayed, alleges want of jurisdiction in the county commissioners to commence proceedings and a disqualifying interest in one of the commissioners. The defendants demurred generally for want of equity. In support of their exceptions to the overruling of the demurrer, the defendants urge that the remedy of complainant, if any, is by certiorari and not in equity.

Considering the first ground for relief alleged by complainant, we find that the petition to the county commissioners asked the laying out of a highway over York River to extend between some point on the county way which leads from York Village to Norwood Farms by way of York Harbor and another point, southwesterly over tide water, on the county way leading from Seabury Railroad Station to Kittery Point. We are of the opinion that this description of the desired way contained in the petition does not meet the requirement of statute (R. S., c. 23, § 1) — "a written petition *describing the way*": *Hayford* v. *County Commissioners*, 78 Maine, 153, 157. In view of the fact that the county way from York Village to Norwood Farms is more than one-half mile long in York Harbor and that the county way from Seabury Railroad Station to Kittery Point is five miles long, there is nothing here to make the termini reasonably definite as in *Bryant* v. *Co. Commrs.*, 79 Maine, 128, or *Andover* v. *Co. Commrs.*, 86 Maine, 185. See *Pembroke* v. *Co. Commrs.*, 12 Cush. 351.

Unless the petition describes with reasonable definiteness the places where the proposed way is to commence and terminate, the county commissioners have no jurisdiction to lay out a highway under the provisions of R. S., c. 23, § 1 ; *Hayford* v. *Co. Commrs.*, ubi supra. As stated by the court in *Small* v. *Pennell*, 31 Maine, 267, 270, "unless the commissioners had jurisdiction to authorize the com-

mencement of their proceedings, they would be void. A general jurisdiction merely by law, over the subject matter, is not enough; they can only have it in the particular case in which they are called upon to act, by the existence of those preliminary facts, which confer it upon them. Their doings are ineffectual unless they have power to commence them, and may in such cases be avoided collaterally. But having jurisdiction, if their subsequent acts are erroneous, they are valid until vacated by certiorari." See also *Hayford* v. *Co. Commrs.*, 78 Maine, page 155.

Complainant further avers in her bill of complaint that the way passed through land in which one of the county commissioners had an interest, either as sole or part owner, and was directly interested in the location of the way and that for this reason the location of the way was illegal. Such interest would disqualify such commissioner, the board of commissioners would be without jurisdiction and the action of the board would be void: *Conant's Appeal*, 102 Maine, 477, 481.

Attention has been called to the case of *White* v. *Co. Commrs.*, 70 Maine, 317, in which, on page 325, it is stated that "Whatever and however great the jurisdictional defects apparent of record, they may all be taken advantage of by this process (certiorari) *and by this alone.*" This conclusion is based upon *Goodwin* v. *Hallowell*, 12 Maine, 271. An examination of this latter case does not, we think, warrant so sweeping a conclusion.

The county commissioners being without jurisdiction in the commencement of proceedings, we cannot say upon demurrer to the bill that the complainant is not entitled to be heard upon the merits of her bill. *Spofford* v. *Railroad*, 66 Maine, 51, 53; *Rockland* v. *Water Co.*, 86 Maine, 55, 58; *Tracy* v. *LeBlanc*, 89 Maine, 304; *Whitmore* v. *Brown*, 102 Maine, 47; *Boynton* v. *Hall*, 100 Maine, 131, 132. See also *Smart* v. *Lumber Co.*, 103 Maine, 37.

*Exceptions overruled.*